## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  04-1118-JTM** |
| | ) | |
| **$290,000 U.S. CURRENCY,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| | ) | |
| **YVETTE DELGADILLO,** | ) | |
| | ) | |
| **Claimant.** | ) | |

## MEMORANDUM AND ORDER

### A.    *Background*

On August 4, 2004, pursuant to Fed. R. Civ. P. 16(b), the court conducted a
scheduling conference in this case with the parties and entered a Scheduling Order
which established all dates and deadlines through and including the trial of this
action.  (Doc. 12).  On October 5, 2004, Claimant filed motions to suppress and to
dismiss (Doc. No's 20 & 21), and a motion to stay all discovery pending a
determination of the motions to suppress and dismiss.  (Doc. 22).  The Court held a
status conference on October 14, 2004, granted the motion to stay all discovery

pending resolution of the pending dispositive motions, and vacated all deadlines previously set in the Scheduling Order except for the trial date.  (Doc. 26).

The dispositive motions were set for hearing before Judge Marten on February 7, 2005.  (Doc. 27).  Before the hearing, Claimant served a Notice of Service of Subpoena Duces Tecum on Highway Patrol Trooper Doug Rule to appear at the motions hearing and to bring with him certain designated documents.  (Doc. 28).[1] The United States then filed a motion to quash the subpoena duces tecum (Doc. 29), arguing that Claimant had not properly served the subpoena and that the subpoena duces tecum violated the prior stay of all discovery.  Claimant responded (Doc. 30) arguing that the subpoena was properly served, but Claimant did not oppose the motion to quash because Trooper Rule could not produce the requested documents by the hearing date.  Claimant then filed a notice of withdrawal of the motion to suppress and motion to dismiss (Doc. 31), stating that Claimant would be seeking to conduct additional discovery prior to any hearing on the motions.

Claimant subsequently filed a notice of reinstatement of the motions to suppress and dismiss (Doc. 32), and at the same time filed a motion for limited relief from the stay of discovery.  (Doc. 33). The United States responded and objected to

---

[1]

The notice was docketed as "Notice by Claimant Yvette Delgadillo of taking of deposition of Doug Rule on February 7, 2005." (Doc. 28).

the motion for limited relief from stay (Doc. 35) and Claimant filed a reply. (Doc. 36).

A hearing on the motions to suppress and dismiss was re-set for April 4, 2005 (Doc. 37) and again cancelled. (Doc. 38). Finally, the parties jointly moved to continue the trial of this case "until such time that the discovery and suppression issues are resolved, and the parties have had a reasonable opportunity for discovery." (Doc. 39). That motion was granted. (Doc. 40).

In her request for limited relief from the stay of discovery, Claimant seeks permission for the parties to conduct limited discovery

> solely as to the issue of the stop of Claimant's vehicle, the questioning of Claimant, the dog sniff of Claimant's vehicle, the search of Claimant's vehicle, the seizure of Claimant's property, and all the facts and circumstances surrounding those activities.

(Doc. 33 at 4). The United States objected to the limited relief of the stay of discovery requested by Claimant, but stated that it would not object to the Court returning the case to its pre-discovery stay status so that there could be full and reciprocal discovery by both parties without limitation. (Doc. 35 at 2).

**B.      *Discussion Concerning Stay of Discovery***

In arguing that present discovery should be limited to circumstances surrounding the traffic stop, the drug dog sniff and the seizure of Claimant's funds,

Claimant relies on one treatise and three cases:  David B. Smith, PROSECUTION AND DEFENSE OF FORFEITURE CASES, Vol 1, ¶ 10.05A, at pp. 10-93 and 10-94 (Matthew Bender, 2004);  U.S. v. $31,990 in United States Currency, 982 F.2d 851, 856 (2nd Cir. 1993);  U.S. v. $191,910.00 in United States Currency, 16 F.3d 1051, 1067 (9th Cir. 1994); and U.S. v. $506,231 in United States Currency, 125 F.3d 442, 454 (7th Cir. 1997).  The court does not find that these authorities require or mandate the limitation of discovery proposed by Claimant in this case.

The cited treatise begins its discussion with the statement that if there is a criminal case on file with a motion to suppress pending at the time of the filing of a civil forfeiture action, there should be no purpose in requiring the claimant to file a new motion to suppress in the civil action.  It then notes that the court should allow civil discovery with respect to the issues raised by the motion to suppress before holding a hearing on the motion.  It does not, however, provide solid support for the proposition that any discovery should be limited to only the issues raised by the motion to suppress.  While the author does note his concern that evidence developed by the Government after the commencement of the civil forfeiture action may be inadmissible to show probable cause,  that alone does not justify limiting discovery. The trial court, in hearing the dispositive motions, can deal with the issue of whether certain evidence obtained after the filing of the forfeiture actions is or is not

admissible to show probable cause.  The treatise author does mention in a footnote that a court has broad discretion to stay discovery pending a dispositive motion and that at least one court has apparently entered case management orders allowing only discovery by Claimant until the Government has shown probable cause for the institution of the forfeiture action.  *See* Smith, PROSECUTION AND DEFENSE OF FORFEITURE CASES at pp. 10-94 to 10-95, n. 111.  While a court may have the authority to limit discovery, it does not appear from the treatise discussion that it is common for courts to exercise that limitation of discovery in forfeiture cases as a matter of course.[2]

The court also finds that the cases cited by Claimant fail to support the limitation of discovery she is seeking in this case.  Those cases also deal with the issue of probable cause and the question of whether the Government has probable cause for the filing of a forfeiture case, but the they do not stand for the proposition that a court must defer or limit discovery until after it has ruled on a motion to suppress evidence.

---

[2]

By contrast, there are other types of cases where an early limitation of discovery is normal and recognized, such as cases where the issue of qualified immunity is raised by a defendant.  *See e.g.,* Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) (until the threshold question of immunity is resolved, discovery should not be allowed); Dahl v. City of Overland Park, No. 02-2036-JAR, 2002 WL 1634805, at *1 (D. Kan. July 8, 2002) ("Generally speaking, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.").

It is the general policy of this district not to stay discovery, notwithstanding the existence of pending dispositive motions.  *See e.g., **Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994).  When the court granted the stay of all discovery in this case, however, it did so with the understanding that the parties had basically agreed that this was an appropriate procedure in this case. While the court recognized that Claimant would undoubtedly subpoena the highway patrol officer to testify at the suppression hearing, the court did not contemplate that Claimant would also seek the production of a substantial volume of documents in connection with the hearing. Once Claimant filed its subpoena duces tecum, however, it became apparent that the parties were not in agreement with how discovery should proceed or what discovery should be allowed.[3]

In light of the facts of this case, the court denies Claimant's request to allow only limited discovery, and instead will enter a revised scheduling order which will set out all of the deadlines through and including the trial of this case.  Claimant will therefore be free to pursue the discovery she believes is necessary to fully present her

---

[3]

The court notes that the documents requested by the subpoena seek information that is not directly related to the traffic stop of Claimant on October 9, 2003.  For example, Claimant seeks information, including logbooks, citations etc. issued by Trooper Rule, for a 90 day period prior to the stop of Claimant, along with all information pertaining to the Kansas Highway Patrol's seizure of assets and allocation of forfeited assets from 2003 to the present date.  *See* Doc. 29, Gov't Ex. A, ¶¶ 6, 7, 8 & 12.

arguments at any hearing on her motion to suppress, and to schedule that hearing as soon as she has completed that discovery.

## C.   *Other Related Issues*

Because the subpoena duces tecum has now been withdrawn, the court will not address any issues related to that subpoena, such as the proper method of service or who may have standing to move to quash such a subpoena.

Likewise, the court will not address the claim by the United States that it should be "protected from having to produce irrelevant and open record documents." (Doc. 35 at 2). The court does note, however, that "relevance" is not the final test for determining discovery issues under the Federal Rules of Civil Procedure; rather, the question is whether the requested discovery is calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

As to whether the United States could be required to produce documents that are otherwise available to Claimant from other sources, the court notes that prior to the 1970 amendments to the Federal Rules of Civil Procedure, courts frequently declined to compel parties to respond to requests for production of documents where the requesting party was in possession of the documents or they were reasonably available to the party. *See, e.g.,* ***Pope v. Ungerer & Co.***, 49 F.R.D. 300, 303 (D. Ga., 1969) (requiring a showing by the requesting party that requested documents were

not in his possession or reasonably available to him before compelling the other party to produce the requested documents). Those decisions were based upon the "good cause" requirement of Rule 34, which was removed by the 1970 amendments. *See* Fed. R. Civ. P 34 Advisory Committee Notes (1970 Amendments). Since 1970, courts generally have not required proof of lack of availability from other sources prior to compelling disclosure. The court does, however, continue to have the ability to limit the use of discovery methods where the discovery sought "is obtainable from some other source that is <u>more convenient, less burdensome, or less expensive</u>. . . ." Fed. R. Civ. P. 26(b)(2)(i) (emphasis added), and can protect subpoenaed persons from "<u>undue</u> burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1) (emphasis added). Any party opposing production, however, must specifically show the nature of the undue burden and cannot rely on generalized or unsupported allegations of burden.

## CONCLUSION

For the above reasons, Claimant's motion for limited relief from the stay of discovery (Doc. 33) is DENIED, and the prior stay of discovery (Doc. 26) is hereby TERMINATED. Simultaneous with the filing of this Memorandum and Order, the Court will enter a Revised Scheduling Order which will establish the deadlines governing this case through the time of trial.

For the reasons set out above, Claimant's Motion to Quash Subpoena Duces Tecum to KHP Trooper John D. Rule (Doc. 29) is MOOT.

IT IS SO ORDERED.

Dated at Wichita, Kansas on this 9th day of September, 2005.

  s/   Donald W. Bostwick
DONALD W. BOSTWICK
U. S. MAGISTRATE JUDGE