## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 04-1118-JTM |
| | ) |
| 290,000.00 IN UNITED STATES | ) |
| CURRENCY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| YVETTE DELGADILLO, | ) |
| | ) |
| Claimant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Compel Discovery of Tax Returns

From Claimant Yvette Delgadillo (Doc. 51), seeking Delgadillo's tax returns from

2000, 2001, 2002, and 2003.  Delgadillo did not file a response and the time for

any response has expired.  *See* D. Kan. Rule 6.1(d)(1).

## BACKGROUND

The United States filed this *in rem* forfeiture action against approximately

$290,000.00 in U.S. currency seized from Claimant Yvette Delgadillo pursuant to

21 U.S.C. § 1881(a)(6).  The United States alleges that the money was illegally

obtained in, or for use in, transactions involving illegal drugs.  Delgadillo filed a

Verified Claim (Doc. 5), asserting a property interest in the money, and claiming that forfeiture is not appropriate because, among other things, the Complaint does not state facts sufficient to state a claim for forfeiture of the money.

The United States issued to Claimant its First Set of Interrogatories and First Requests for Production of Documents, which contained requests for information regarding Claimant's tax returns from 2000, 2001, 2002, and 2003.  Interrogatory No. 5 asked whether Claimant filed tax returns for those four years, and Request for Production No. 1 requested copies of such tax returns.  Claimant objected to both discovery requests, stating that "[c]laimant has a right to privacy in her tax returns and any information related to them.  This information is privileged, not waived by claimant, and not subject to disclosure in this matter."  (Doc. 51 at 1, 2.)

After conferring about ths matter with Claimant's attorney, the United States filed this motion to compel Claimant to answer Interrogatory No. 5 and Request No. 1.  The United States argues that the tax returns are relevant to show whether Plaintiff had sufficient, legitimate assets available to have $290,000 in cash on the date of the seizure, and that it is unaware of any other source for such information, except the claimant herself.

## DISCUSSION

The Court first notes that Claimants failure to file a response constitutes a

waiver of her objections pursuant to D. Kan. Rule 7.4, and the Court could grant

the United States' Motion on that ground alone.  However, the Court will also

evaluate the motion on its merits.

In January, Judge Humphreys ruled a on similar motion in a factually similar

forfeiture case involving the same attorney for the Claimant.  ***United States v.***

***$49,000 in U.S. Currency***, Case No. 02-1426, slip op. (D. Kan. Jan. 10, 2005).  In

that case, the court addressed the same issue, which was fully briefed, in a case

involving materially similar facts, and required the claimant in that case to disclose

his tax returns.  This Court reaches the same conclusion.

As Judge Humphreys noted, the standard for the discovery of tax returns was

succinctly set forth by Judge Rushfelt in ***Hilt v. SFC, Inc.***:

> The Courts have developed a two-pronged test assure a
> balance between the liberal scope of discovery and the
> policy favoring the confidentiality of tax returns.  First,
> the court must find that the returns are relevant to the
> subject matter of the action.  Second, the court must find
> that there is a compelling need for the returns because the
> information contained therein is not otherwise readily
> obtainable.  The party seeking production has the burden
> of showing relevancy, and once that burden is met, the
> burden shifts to the party opposing production to show
> that other sources exist from which the information is
> readily obtainable.

170 F.R.D. 182, 189 (D. Kan. 1997) (citing ***Audiotext Communications Network,***

***Inc. v. US Telecom, Inc.***, Case No. 94- 2395, 1995 WL 625962, at *11 (D. Kan.

Oct. 5, 1995)) (internal quotations omitted).

The Court finds that the tax returns are relevant to the issues in this case.

Specifically, it is relevant to whether Plaintiff had the legitimate assets available to

be in possession of $290,000 in cash on the date of the seizure.  Therefore, the

burden shifts to Claimant to show that alternate sources for the information exist.

Obviously, Claimant's lack of a response means that this burden has not been met.[1]

Accordingly, the Court GRANTS the United States' Motion to Compel and

orders Claimant to answer Interrogatory No. 5 and to provide her federal, state, and

local income tax returns for the years 2000, 2001, 2002, and 2003 within **14 days**

of the date of this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 9th day of November, 2005.

s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge

---

[1]The United States also argued that Claimant, by injecting herself into this matter as a claimant, has placed her income at issue, which provides equitable grounds for requiring her to disclose her tax returns. (Doc. 51 at 3 (citing *United States v. Bonanno Organized Crime Family*, 119 F.R.D. 625, 627, n.2 (1988))).  Because the Court has decided this matter on the grounds of both waiver and lack of merit, it need not decide the matter on this ground, as well.

4