IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

          vs.                           Case No. 04-1118-JTM

$290,000.00 IN UNITED STATES
CURRENCY, more or less,

           Defendant.

## MEMORANDUM AND ORDER

This matter, a civil forfeiture action arising from a highway traffic stop in which the investigating officer discovered within a bag in the trunk the subject currency in five-thousand-dollar bundles packaged in heat-sealed plastic bags, is before the court on the Motion to Dismiss by the United States. The United States argues the claimant defendant Yvette Delgadillo, the driver of the stopped car, lacks standing to challenge the forfeiture. Alternatively, the government suggests in its reply that the court may take account of the statements of Degadillo as evidence demonstrating the currency was not hers, and treat the motion as one for summary judgment. The court finds summary judgment is unwarranted, finding instead that the claimant has failed to demonstrate standing to challenge the forfeiture, and her claim accordingly will be dismissed.

In a Rule 41(e) proceeding, a claimant must allege "a colorable ownership, possessory or security interest in at least a portion of the defendant property" to satisfy the standing requirements. *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir.1998). When the claimant alleges such an interest in the seized property, the standing requirements are satisfied "because an owner or

possessor of property that has been seized necessarily suffers an injury that can be redressed at least in part by the return of the seized property." *Id.*

*U.S. v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001).

After a prolonged procedural history, the government filed its Motion to Dismiss after conducting the deposition of the claimant Delgadillo, in which she consistently refused to answer questions, citing her rights under the Fifth Amendment, regarding the ownership of the currency that is the subject of this action.  The government then filed its Motion to Dismiss arguing that the claimant has not shown any colorable ownership or possessory interest in the currency.

Delgadillo's response attempts to demonstrate a tie to the currency in question by references to her roadside comments to the investigating officer, Highway Patrol Trooper J.D. Rule, that the currency was the proceeds of her personal work selling herbs and giving massages.  Had the claimant directly provided such evidence to the court, the question of standing would be easily resolved.  But when directly faced with questions about her interest in the property, Degadillo has invoked her privilege against self-incrimination and refused to provide such evidence.  The roadside comments to Trooper Rule, to the extent that the claimant now seeks to rely upon them to show her supposed interest in the currency, is hearsay.  Because "[t]he danger of false claims" in forfeiture proceedings is substantial, courts have required "more than conclusory or hearsay allegations of some 'interest' in the forfeited property."  *Baker v. United States*, 722, F.2d 517, 519 (9th Cir. 1983).  *See also Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 645 (2d Cir.1989) (holding that in light of the "substantial danger of false claims in forfeiture proceedings" a claimant cannot rely on "the conclusory, hearsay, on-information-and-belief statement of [his] lawyer.")

"Congress certainly had no intention of elevating naked possession into equitable ownership in circumstances pointing to the likelihood that the possessor was a courier of drug money." *United States v. $321,470*, 874 F.2d 298, 303 (5th Cir.1989).  Thus, "the claimant must come forth with *some* evidence of his ownership interest in order to establish standing to contest a forfeiture." *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992) (emphasis in original). Standing exists to challenge a forfeiture where the "[c]laimants assert possessory interest in ... forfeited property *and provide some explanation for their possession*." *United States v. $100,348.00*, 354 F.3d 1110, 1119 (9th Cir.2004) (emphasis added).

In her response to the government's Motion to Dismiss, Degadillo stresses in particular three cases for the proposition that possession of property is sufficient to create Article III standing to contest a civil forfeiture action.  *See United States v. $260,242.00 U.S. Currency*, 919 F.2d 686 (11th Cir. 1990); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491 (6th Cir. 1998); and *United States v. $38,000 in United States Currency*, 816 F.2d 1538 (11th Cir. 1987).  (Dkt. No. at 5-6). These cases are factually and legally distinguishable.

In *United States v. $260,242.00 U.S. Currency*, 919 F.2d 686 (11th Cir. 1990), the claimant was the registered owner of the car in which subject money had been found in a box in the trunk. The court held:

> Frawley is correct that he had constitutional standing. He had constructive possession of the money in his trunk, and a possessory interest generally is constitutionally sufficient for claims in forfeiture actions. *United States v. $38,000*, 816 F.2d 1538, 1544 (11th Cir.1987). Because he does not claim the money as his, however, but argues that he was a bailee, we must determine whether he had sufficient statutory standing. [Supplemental Rule for Certain Admiralty and Maritime Claims] C(6) states:

3

> The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee, or attorney is duly authorized to make the claim.

> Contrary to the appellant's assertion, the plain language of this rule does not permit him simply to state that he is a bailee; he must state that he is "duly authorized to make the claim." The Fifth Circuit has held that one claiming to have been acting as a bailee or assignee in a forfeiture action must identify the owner of the property. *United States v. $321,470*, 874 F.2d 298, 304 (5th Cir.1989). We find that such a requirement comports with and gives full effect to Rule C(6)'s language requiring due authorization. A bailee must assert for whom he acts.

> We reject Frawley's contention that the lack of discovery in this action requires that we remand. Presumably, Frawley knows for whom he acted and does not need discovery to assert the true owner of the money. Because this circuit has not ruled on this specific issue previously, however, we will not hold appellant to knowledge of the requirement that he name the bailor. We therefore vacate the order of the district court and remand with instructions that the district court allow claimant an opportunity to amend his claim and name his bailor.

919 F.2d at 687-88.

In the earlier case of *United States v. $38,000 in United States Currency*, 816 F.2d 1538 (11th Cir. 1987), the currency which was the subject of the forfeiture action had been seized at an airport from an employee of one of the two claimant brothers. The currency actually belonged to the other brother. The Eleventh Circuit reversed the district court's determination that only the second brother had standing, stressing that "[t]he district court found, based in part on deposition testimony of appellants, that Michael owns the currency and that David had been acting as Michael's bailee. *Neither side contests this finding*." 816 F.2d at 1543 (emphasis added).

In *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491 (6th Cir. 1998) the court

4

stressed that while the claimant "need not prove the merits of his underlying claim" to establish

standing, "he must claim a *facially colorable interest* in the seized property." 152 F.3d at 497-98

(emphasis added, citations omitted).   The court then proceeded to address the requirement of

colorable interest as the property possessed:

> To contest a forfeiture action, an individual customarily bears the burden of demonstrating an interest in the seized item sufficient to satisfy the court of his standing as a claimant. *See, e.g., 526 Liscum Dr.*, 866 F.2d at 216; *United States v. $47,875.00 in U.S. Currency*, 746 F.2d 291, 293 (5th Cir.1984). However, because the fundamental requirement is that claimants have at least a facially colorable property interest in the proceedings sufficient to satisfy Article III's "case-or-controversy" requirement, *$321,470*, 874 F.2d at 302, we decline to adopt any type of hard-and-fast requirement for the initial evidentiary showing necessary for standing. The Government very often does not contest a claimant's standing, see 1 David B. Smith, *Prosecution and Defense of Forfeiture Cases* ¶ 9.04, at p. 9-68.7 (1997), and a rule requiring claimants to support all claims with standing evidence would often involve unnecessary time and expense for the litigants as well as the court. Although a claimant may assert an interest in a defendant property sufficient to confer standing, the Government is always free, as it was in this case, to challenge a claimant's factual allegations, develop information through interrogatories, and flush out would-be claimants with no real interest in a defendant property. Article III requires only that a claimant allege, inter alia, a personal stake in the outcome of the controversy, i.e., an actual or threatened injury. *See, e.g., Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 56 F.3d 710, 715 (6th Cir.1995).

152 F.3d at 498-99.

The court then determined that the pleadings demonstrated a colorable interest in the seized

property, since the government's own pleadings acknowledged that the funds in question were found

in the bedroom of a house occupied by one of the claimants.   The government then further alleged

that the funds were later forwarded to the other forfeiture claimant in connection with its (allegedly)

illegal bingo operation.

In each of the cases cited by claimant, the court was presented with some evidence, including

allegations and admissions by the government, demonstrating a colorable possessory interest in the

property at issue.  The courts in the cited cases were *not* presented with claims of naked possession, as the Sixth Circuit in *$515,060.42* stressed.  Courts must guard against such claims:

> However, due to concerns about "straw man" transfers, "naked possession" claims are insufficient to establish standing. When confronted with mere physical possession of property as a basis for standing, we require some explanation or contextual information regarding the claimant's relationship to the seized property. *See United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1058 (9th Cir.1994); *see also, e.g., United States v. $321,470.00 U.S. Currency*, 874 F.2d 298, 301, 304 (5th Cir.1989) ("a courier carrying cash from an unknown owner to an unknown recipient, resolute in his determination to give no explanation except that he was asked to transport cash, the ideal mule for drug traffickers, must be prepared to demonstrate that he has a lawful possessory interest. Unexplained naked possession of a cash hoard in the factual setting of this case does not rise to the level of the possessory interest requisite for standing to attack the forfeiture proceeding."); *Mercado v. U.S. Customs Service*, 873 F.2d 641, 644 (2d Cir.1989) ("Possession ... means more than mere custody."). The assertion of simple physical possession of property as a basis for standing must be accompanied by factual allegations regarding how the claimant came to possess the property, the nature of the claimant's relationship to the property, and/or the story behind the claimant's control of the property. This requirement derives from a common concern for "straw man" transfers of property from criminal defendants to third parties and subsequent assertions of ownership by claimants who lack a legal interest in the property subject to forfeiture. *See United States v. 526 Liscum Dr.*, 866 F.2d 213, 216 (6th Cir.1989); *$321,470.00*, 874 F.2d at 303-04.

152 F.3d at 498.  Here, in contrast, the only admissible evidence before the court is that the claimant was the driver of the vehicle in which the subject currency was found.  In short, Delgadillo's claim is founded on her naked possession of the subject *res*.

The courts have consistently held that unexplained naked possession does not constitute a sufficient possessory interest to confer standing on a claimant to contest a forfeiture. *See Munoz-Valencia v. United States*, 2006 WL 519781, at *2, (3rd Cir. March 3, 2006); *United States v. $321,470, U.S. Currency*, 874 F.2d 298, 304 (5th Cir.1989); *United States v. $42,500, U.S. Currency*, 283 F.3d 977, 983 (9th Cir.2002); *United States v. $515,060.42*, 152 F.3d 491, 498 (6th

Cir.1998); *See also Mercado v. United States Customs Serv.*, 873 F.2d 641, 645 (2d Cir.1989). Thus

in *Munoz-Valencia*, the court wrote:

> Munoz-Valencia does not claim ownership of the seized currency, but asserts
> standing based on his possession of the money at the time it was seized. While
> Munoz-Valencia did have physical possession of the money, he fails to show
> *colorable* possession because he cannot demonstrate dominion or control.
> Munoz-Valencia was a courier paid only to accept delivery of the money and to
> transport it to an unknown place for an unknown person. He did not have authority
> to make any decisions regarding the money, distinguishing this claim of possession
> from that deemed sufficient in *Mantilla*. As demonstrated by his telephone
> conversations with Angela, Munoz-Valencia was told simply to wait for further
> instructions on where and to whom he was to deliver the money. Given this lack of
> control, he cannot claim a colorable possessory interest in the money. Accordingly,
> Munoz-Valencia lacks standing to challenge the forfeiture.

2006 WL 519781 at *2 (emphasis in original).

The court finds that the claimant Delgadillo has failed to demonstrate a colorable ownership,

possessory, or security interest in the property that is the subject of this action. The Motion to Strike

Claim (Dkt. No. 85) is accordingly granted.

Further, the hearing presently scheduled for August 28, 2006 is cancelled.

IT IS SO ORDERED this 25th day of August, 2006.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE